Alfred MacLaren *vs.* New York, New Haven and Hart-
ford Railroad Company.

Norfolk.   March 2, 1925. — April 23, 1925.

Present: Rugg, C.J., Crosby, Carroll, Wait, & Sanderson, JJ.

*Negligence*, Railroad.

At the trial of an action against a railroad company for damage to an
automobile run into by a freight train of the defendant, it appeared
that when the automobile was run into it was stalled on the defendant's
track and had been left there by the plaintiff; that there were double
tracks of the defendant at that place; that the accident happened on
a stormy, rainy night, and that no warning signal of the presence of
the automobile was given to the engineer of the approaching train.
The engineer testified that he saw the lights of the automobile in time
to stop his train if he had known they were automobile lights, but that
because of the night he thought they were lights of a train approaching
on the adjacent tracks; that when he learned that they were auto-
mobile lights he tried his best to stop the train, but, because of the
condition of the rails and the night, he was unable to do so.   A verdict
was ordered for the defendant.   *Held*, that
     (1) If the engineer's testimony was believed, he could not have been
found to have been negligent;
     (2) If the engineer's testimony was not believed, there was no evi-
dence to show his negligence;
     (3) The verdict rightly was ordered.

Tort for damages to an automobile which, while stalled
on the defendant's railroad track, was run into by a train
of the defendant.   Writ dated July 6, 1922.

In the Superior Court, the action was tried before *Keat-
ing*, J.   Material evidence is described in the opinion.   At
the close of the evidence, the trial judge ordered a verdict
for the defendant and reported the action to this court for
determination, the parties having stipulated that, if he was
right in so ordering a verdict, judgment should be entered
for the defendant; and if he was wrong, judgment should be
entered for the plaintiff in the sum of $400.

*W. S. McCallum*, for the plaintiff.

*M. G. Gonterman*, for the defendant.

CARROLL, J.  This is an action of tort to recover for damage caused to the plaintiff's automobile, which was struck by one of the defendant's southbound freight trains near Canal Street, north of Medfield Junction, where that street crosses the defendant's tracks at grade.  On the night of May 18, 1922, the plaintiff, who was not familiar with the locality, instead of driving on the planking of the crossing, drove to the north of the tracks, about the length of the automobile, when one of its rear wheels caught upon the rails. The automobile then swung around, with the headlights facing Framingham, and became stalled.  This happened about ten o'clock.  The plaintiff attempted to remove the automobile from the track, but was not successful, and left it in this condition.  About three quarters of an hour later, the engine of the freight train which had left Framingham at twenty minutes past ten, struck the automobile and demolished it.  The plaintiff contends that the engineer of the locomotive was negligent.

The engineer testified that the night in question "was a bad night," "it was raining hard, . . . the rail was wet and slippery"; that his train consisted of twenty-nine cars, and as he approached the crossing he was moving at a speed of thirty miles an hour; that at the whistling post he saw "the reflection of the lights," and dimmed the lights on his engine thinking it was a train approaching on the northbound track; that as he got around the curve he saw that the lights were not on the southbound track, but that owing to the wind and storm, it was difficult to tell whether the lights were on the crossing; that he "could not tell whether or not they were following the southbound track"; that he applied the emergency brakes as a precaution; that he was then eight or nine hundred feet from the crossing; that there was nothing more he could do to stop the train; that he did everything possible; that he made "a good stop" a hundred and fifty or two hundred feet south of the crossing; and that the steps of the engine struck the automobile.

The whistling post was about twelve hundred and ninety-eight feet from the Canal Street Crossing, but the curve ended about eleven hundred and ninety feet from that point;

and there was evidence that a person standing in the center of the southbound track could see the crossing when thirteen hundred and sixty-eight feet away.   There was no evidence of negligence on the part of the engineer.   If his statements were believed, it could have been found that when he first saw the lights upon the crossing, he supposed it was a train approaching on the opposite track.   Considering the position in which the automobile was, the distance of the lights, the rain and darkness of the night, it was not a negligent act to have failed to discover the location of the lights, and that they were upon an automobile.   As soon as he realized that it was not an approaching train, he immediately applied his emergency brakes and did all he could to bring the train to a stop, and, in fact, made a "good stop."   The evidence that in daylight, one standing on the track at a point thirteen hundred and sixty-eight feet distant from the crossing could see it, does not tend to show that on a dark, windy, rainy night, from the cab of a moving engine, the crossing could be seen that distance, and it could not be said that it was negligent to run the freight train at the rate of thirty miles an hour.   The engineer was not shown to be careless.   *Sypher* v. *Director General of Railroads,* 243 Mass. 568, 571, and cases cited.   *Gannett* v. *Boston & Maine Railroad,* 238 Mass. 125, 130, 131.   *Tully* v. *Fitchburg Railroad,* 134 Mass. 499. If the jury did not believe his testimony there is nothing to show that he was careless.

*Hunt* v. *Boston & Maine Railroad,* 250 Mass. 434, is to be distinguished.   In that case the tracks were straight for a distance of thirty-nine hundred and forty feet.   When the automobile stopped, the train was in sight that distance to the east.   The flagman on the crossing gave a stop signal to the engineer by waving his red lantern.   The engineer answered this signal when seven hundred and fifty feet or eight hundred feet from the crossing.   In the case at bar no attempt was made by the plaintiff, or any one, to warn the engineer that the track on which he was moving was obstructed.   He did not know that the obstruction was on this track, and as soon as he realized that there might be danger, he applied the brakes and did all that he could to

stop the train.   In view of the condition of the rails and all the circumstances disclosed, there was no evidence of negligence by the defendant or by any of its servants or agents.

Without considering the question of the plaintiff's due care, or the question whether he was a trespasser, as there was no evidence of the defendant's negligence the court was right in directing a verdict for the defendant.

*Judgment for the defendant on the verdict.*