CHARLES E. LEWIS *vs.* BOSTON AND MAINE RAILROAD.

MARY E. AGO, administratrix, *vs.* SAME.

DANIEL MCCARTHY, administrator, *vs.* SAME.

THOMAS HART, administrator, *vs.* SAME.

Suffolk.    January 18, 19, 1928. — March 5, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Railroad,* Grade crossing.  *Negligence,* Gross, Contributory, At grade crossing, Motor vehicle.

At the trial together of four actions of tort under G. L. c. 160, § 232, against a railroad corporation to recover for personal injuries received by one of six men in an automobile which was run into by a train of the defendant at a grade crossing, and for the deaths of three of them, it appeared that the automobile was owned by one of those who were killed and was being driven by another of the group, and that gross negligence on the part of the driver contributed to the accident; that neither the owner of the automobile nor any one in it at any time directed the driver as to its operation or did anything in that regard other than to look out for signs showing which direction they should go after they had taken a wrong fork in the road.  *Held,* that

(1) The driver was a person who had charge of the persons and property of the other occupants of the automobile, as that phrase is used in G. L. c. 160, § 232;

(2) By reason of the driver's gross negligence, there could be no recovery in any of the actions.

FOUR ACTIONS OF TORT under G. L. c. 160, § 232, the first action being for personal injuries suffered by the plaintiff in a collision of an automobile in which he was riding and a locomotive engine of the defendant at a grade crossing of the defendant's railroad at Russell Street in West Peabody, and the other three actions being by administrators for the deaths of their respective intestates. Writs dated, respectively, July 24, 1922, September 15, 1922, February 16, 1923, and February 25, 1923.

In the Superior Court, the actions were tried together before *Hammond,* J. Material evidence and special findings by the jury are stated in the opinion. The actions were "submitted to the jury only upon counts based upon G. L. c. 160, § 232, the plaintiffs' only claim being an alleged failure on the part of the defendant to give the statutory signals required by G. L. c. 160, § 138, on the approach of the locomotive to this highway grade crossing where the collision took place."

The judge ordered verdicts for the defendant and reported the actions to this court for determination.

*James J. McCarthy,* for the plaintiffs Lewis, McCarthy and Hart.

*F. R. Mullin,* for the plaintiff Ago.

*A. W. Rockwood,* (*F. P. Garland* with him,) for the defendant.

PIERCE, J. These four actions of tort under G. L. c. 160, § 232, were tried together. They are to recover damages for personal injuries received by Charles E. Lewis, and for the deaths of Matthew J. Connelly, Joseph C. McCarthy and Thomas F. Hart, resulting from a collision at a grade crossing, at about 5:00 A.M. standard time, on June 18, 1922, between the automobile, in which the four men with two others were riding, and the locomotive of a freight train of the defendant.

The automobile was owned by McCarthy, and was being driven at the time of the collision by one Leonard Coppenrath. At the trial the evidence was conflicting as to whether or not the statutory signals required by G. L. c. 160, § 138, were given as the train approached the crossing, whether

the view was at all obstructed by fog at the time of the accident, and whether the driver or operator of the automobile was guilty of gross, contributory negligence.

The testimony of the plaintiff Lewis discloses that the six men, with others, on June 17, 1922, were stopping during that night at a cottage at Nahant; that in the early morning of June 18, 1922, they left Nahant in the automobile of McCarthy to go to Lowell by the way of Peabody.   There was also testimony that Coppenrath occupied the driver's seat on the left, Hart sat next to him on the right, and the others occupied the rear seats; that after leaving Peabody Square they came to a fork in the road, turned mistakedly to the left, then discovered their mistake and turned down Russell Street; that the fork in the road was two or three minutes ride from the Russell Street railroad crossing where the collision occurred; that all the "boys" in the car were looking for signs.   Lewis testified that when he first saw the engine it was about fifteen feet away.   Coppenrath testified that they all were looking for signs "To show . . . [them] the correct direction to Lowell"; that he first saw the locomotive when it and the automobile were each about twenty-five feet away from the crossing; that at the same time he heard some one on the back seat say, "Look out for the engine"; that he then put on the brakes in an attempt to stop the car but did not succeed in stopping it.   The fireman on the locomotive testified that as the car approached the crossing the occupants "jumped up as though they just realized their danger."

There is no evidence reported that the owner of the car, McCarthy, at any time directed Coppenrath in the operation of the car, nor any evidence that any one in the car gave such direction or did anything in that regard other than to look out for signs from which the direction to Lowell might be ascertained.   There was evidence that nothing obstructed the view "on the road except fog and rain," and that they did not know there was a railroad crossing there and therefore were not listening particularly for railroad bells or whistles.

In the course of the charge, which is not reported in full, the judge stated to the jury that he was going to submit the

case to them upon the four interrogatories hereinafter set forth, and instructed them not to answer the fourth interrogatory, which related to damages, unless they should answer the first two interrogatories in the affirmative and the third in the negative.

At the close of the evidence the plaintiff Ago made certain requests for rulings; and at the close of the charge the plaintiffs Lewis, Hart and McCarthy excepted to that part of the charge where the judge ruled "that all persons in the car were in charge of Coppenrath, the driver of the car, and so chargeable with his misconduct, if any." In the Ago case an exception was taken to the refusal to give the requested rulings. Thereupon the judge made the following statement: "The court, after submitting the questions to the jury, stated that it would give no instructions or [*sic*] make no rulings in regard to the liability of the defendant, or any rulings as to the verdict to be rendered until the questions were returned answered, and that all requests for instructions which deal with the question of liability, or with the question as to what verdict should be entered upon the answers of the jury, were reserved until the coming in of the answers." These interrogatories with the answers thereto were as follows: "1. 'Did the defendant neglect to give the signals required by law?' The jury answer: 'Yes.' 2. . . . 'Did such neglect contribute to the accident?' The jury answer: 'Yes.' 3. 'Was the accident caused in whole or in part by gross negligence upon the part of Coppenrath?' The jury answer: 'Yes.' 4. 'What are the plaintiffs' damages?' The jury answer: (No answer)." The requests in the Ago case were not again directed to the attention of the judge after the return by the jury of its answers to the interrogatories.

Upon the return by the jury of its answers, the judge instructed them as follows: "Mr. Foremen and gentlemen, the answers to the questions dispose of the cases, as you of course perceive, the answer to the question regarding the negligence of Coppenrath, and you will therefore find for the defendant upon those answers." After verdicts for the defendant had been recorded, the following took place: "MR. MCCARTHY [counsel for the plaintiffs Lewis, McCarthy,

and Hart]: In behalf of my people I desire to have saved exceptions to the verdicts as given.   I don't know as it is necessary, but I want to be consistent.   MR. MULLEN: That applies to my client [Ago].   THE COURT: They are directed upon the jury's answers and not upon any proposition of law."   The several actions are before this court upon the report of the judge, for determination upon the questions of law raised by the exceptions.   "If there was no reversible error, judgments are to be entered upon the verdicts."

There is no contention in the briefs of the several plaintiffs that the jury were not warranted on the evidence in finding, as they did, that the driver of the automobile at the time of the collision was guilty of gross negligence; nor that they were not warranted on the evidence in finding, as they did, that such gross negligence contributed to the injury of the several plaintiffs.   Taking as admitted, or as a proved fact, in the case the gross negligence of the driver; and the admitted, or proved fact, that that gross negligence contributed to the injury; and the further fact that there was no finding by the judge or jury whether or not the other occupants of the automobile were guilty of gross or wilful negligence or were acting in violation of the law, the question for determination is, Was the driver a person who had charge of the persons and property of the other occupants of the automobile, as that phrase is used in G. L. c. 160, § 232?   That section in substance provides that, where one is injured or killed at a grade crossing by collision with the engines or cars of a railroad corporation, and it appears that the corporation neglected to give the signals required by law, damages may be recovered in an action of tort "unless it is shown that, in addition to a mere want of ordinary care, the person injured or the person who had charge of his person or property was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross or wilful negligence or unlawful act contributed to the injury."

G. L. c. 160, § 232, into which G. L. c. 160, § 138, is to be read, imposes a purely statutory obligation upon railroad corporations, and bestows upon certain persons the right

to have damages for injury sustained through the violation of the obligation, provided such persons have sustained the injuries without the contributing thereto of their own gross negligence or that of some person who had their persons or property in charge. The limitations upon the right are disjunctive, and the right is lost if there be present as a contributing cause to the injury gross negligence of the plaintiff or gross negligence of the person in charge or an unlawful act. In the present case the driver was not the servant of any one of the occupants of the automobile. He was an associate of them, driving the car for them and for himself, through their assent and in the execution of their common desire to be transported to Lowell. It is plain the occupants of the automobile placed the responsibility of safely driving the car upon one of themselves, and that in the management of the car he necessarily had charge of it and of its occupants within the meaning of the statute. *Chase* v. *New York Central & Hudson River Railroad,* 208 Mass. 137, 146, 157. *Neely* v. *Carolina & Northwestern Railway,* 123 S. C. 449.

In the opinion of a majority of the court there is no reversible error. In accordance with the terms of the report, "judgments are to be entered upon the verdicts."

*So ordered.*