RUTH E. DAVIS, administratrix, *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

ALVA A. CARL *vs.* SAME.

Barnstable. May 14, 15, 1930. — July 2, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence*, Railroad, Violation of company rule.

A finding of negligence on the part of the defendant was not warranted at the trial of an action of tort by an administrator against a railroad corporation for the conscious suffering and death of the plaintiff's intestate which resulted when a motor truck operated by him was struck by a train of the defendant on a grade crossing, even though the defendant's employees in charge of the train failed to give certain required signals by sounding the whistle, where the evidence most favorable to the plaintiff showed that, as the truck came to the crossing, the deceased could have seen the train approaching a considerable distance away; that the truck then was in plain view of the engineer of the train; that the deceased had ample time in which to cross the crossing before the train reached it; that the truck was proceeding so slowly as it approached the crossing that the deceased could have stopped it in two feet; and that, through some defect in the truck or because of the manner in which it was operated, it became stalled on the tracks and was struck by the train about thirty seconds later.

In an action of tort against a railroad corporation for conscious suffering and the death of one who was killed when a motor truck operated by him was struck by a train of the defendant upon a private grade crossing, it *was stated* that, although the defendant's employees were not required to give the statutory signals by bell or whistle, failure by them to sound the whistle in a certain manner required by a rule of the defendant was evidence of negligence on the defendant's part.

Two ACTIONS OF TORT. Writs dated August 17, 1927.

Material evidence at the trial of the actions together in the Superior Court before *D. T. O'Connell,* J., is stated in

the opinion. The judge denied a motion by the defendant in each action that a verdict be ordered in its favor. In the first action there was a verdict for the plaintiff in the sum of $5,775.17 on the count for death and of $4,724.05 on the count for conscious suffering. In the second action there was a verdict for the plaintiff in the sum of $310.50. The defendant alleged exceptions.

*M. G. Gonterman*, for the defendant.

*M. J. Mulkern*, (*H. W. Hardy* with him,) for the plaintiffs.

CROSBY, J. These actions of tort, arising out of a collision between an eastbound automobile truck and a northbound passenger train, occurred at about 8:20 A.M. daylight saving time, August 20, 1926, at a private railroad crossing at grade, located a short distance south of the defendant's passenger station at Falmouth in this Commonwealth. The first action is to recover for the conscious suffering and death of Gilbert H. Denham, the operator of the truck; the second is to recover for damages to the truck and contents and is brought by the owner who was the employer of the decedent.

At the crossing the railroad runs north and south and consists of a main track and a side track. The private way over the crossing runs east and west, and was maintained as a station facility for access to and from the freight house of the defendant located on the west side of the track about two hundred fifty feet south of the crossing. At the time of the accident there were three freight cars about forty feet in length standing on the side track alongside the freight house, the distance from the crossing to the northerly end of the first car being about one hundred eighty feet.

The decedent, after obtaining a shipment of freight from the freight house and placing it upon a truck, approached the crossing from the west and passed over the side track and the space between it and the main track; the truck became stalled on the main track and was struck by a northbound passenger train which was approaching the Falmouth station for the purpose of making a station stop.

At the close of the evidence, the defendant moved that

a verdict be directed in its favor. The motion was denied subject to the defendant's exception. The defendant also excepted to the refusal to give certain requests for instructions and to certain instructions given which were not in accord with the requests for rulings.

In answer to interrogatories the defendant stated that the crossing was established by the defendant in 1872 to serve as an access to its freight house; that it was approximately twenty feet wide, and in 1925 was paved with crushed stone extending to the outer ends of the ties; that the freight house was a place where members of the public customarily called to obtain and ship freight and they passed over the tracks at the crossing for such purpose. The evidence was ample to warrant a finding that the decedent and others having occasion to go to the freight house to send freight and to obtain it for delivery were invited by the defendant to pass over the tracks at the crossing, *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368, *Murphy* v. *Boston & Albany Railroad,* 133 Mass. 121, and we do not understand that the defendant makes any contention to the contrary.

The plaintiffs contend that the evidence warranted a finding that the decedent was in the exercise of due care; that the defendant was negligent in failing to give reasonable warning of the approach of the train; that the train was operated at a negligent rate of speed as it neared the crossing; and that the defendant was also negligent in failing to stop the train in time to avoid the collision, and in failing to afford proper protection at the crossing for persons lawfully entitled to use it.

It is the contention of the defendant that the operator of the truck was guilty of contributory negligence which was the sole cause of the accident. Several witnesses called by the parties testified respecting the circumstances attending the accident; in certain respects their testimony was conflicting. Under G. L. c. 231, § 85, the decedent was presumed to have been in the exercise of due care, and contributory negligence on his part was an affirmative defence to be pleaded and proved by the defendant.

Upon the evidence most favorable to the plaintiffs it could have been found that Denham, after leaving the freight house in his truck, approached the crossing at a speed of about five miles an hour; that he leaned over and looked to his right; that at that time the front wheels of the truck were about crossing the main track; that he was "looking out on the right side of the car trying to look towards Woods Hole to see if there was a train coming . . ."; that the truck stopped on the track, and there was a backward motion of the truck as if the operator tried to back it but was unable to do so; that from the time the truck stopped until the collision, about thirty seconds elapsed. There was further evidence that the train, consisting of the engine and tender and five cars, struck the truck and carried it about thirty feet up the track. As it was a private crossing, the defendant was not required by statute to give warning by a whistle or bell of the approach of the train. It appeared, however, from the evidence that a rule of the defendant required the engineer to sound the whistle by giving two long and two short blasts at the whistling post for this crossing located about eighty rods south of the crossing, and it was the contention of the plaintiffs that the employees in charge of the train failed to give these signals. In view of the rule it was the duty of the defendant to sound the whistle at the post next south of the crossing and a violation of that rule would be evidence of negligence on the part of the defendant.

If we assume that the intestate came within the terms of the invitation extended by the defendant to his employer to come to the freight house, the intestate was an invitee to whom the defendant owed the duty of exercising reasonable care. *Bachant* v. *Boston & Maine Railroad,* 187 Mass. 392. *Ladd* v. *New York, New Haven & Hartford Railroad,* 193 Mass. 359. *Dixon* v. *New York, New Haven & Hartford Railroad,* 207 Mass. 126, 131. If the intestate did not come within the invitation, he was a mere licensee and the defendant owed him only the duty of refraining from intentionally, wantonly or recklessly

injuring him. *Bourne* v. *Whitman*, 209 Mass. 155, 166. *Sypher* v. *Director General of Railroads*, 243 Mass. 568.

Upon the evidence most favorable to the plaintiffs the jury could have found that Denham drove the truck upon the tracks at the rate of five miles an hour and that as he did so he looked down the tracks; that the track was straight for about a quarter of a mile south of the crossing; that his view would be obstructed to some extent by the freight cars on the westerly side of the track which were about one hundred eighty feet south of the crossing. The uncontradicted testimony showed that from the westerly rail of the side track at about the point where Denham crossed the main track to the south the latter could be seen at least for a distance of three hundred forty feet notwithstanding the presence of the freight cars on the side track. If the approaching train was not within Denham's vision from this point due to the presence of the freight cars and he nevertheless elected to drive ahead, he was under the burden of looking at the first opportunity when he had a clear vision of the main track, and if he failed to do so he would be precluded from recovery. *Lundergan* v. *New York Central & Hudson River Railroad*, 203 Mass. 460, 464.

If it be assumed that the decedent continued to look until he was at a point on the easterly rail of the side track, he must have seen the approaching train. Although it appears that he could have stopped the truck in a distance of two feet, he decided to proceed across the tracks. The train at that time must have been at least thirteen hundred feet from the crossing; and the truck was in plain sight of the fireman. There was no evidence that the train was approaching at a speed in excess of thirty-five miles an hour. The distance between the easterly rail of the side track and the westerly rail of the main track at the crossing was seven feet. The rails of the main track were four feet and eight inches apart. As a matter of computation it is plain that the decedent had ample time in which to pass over the main track and that must have

been apparent to him as well as to the engineer and fireman. The conclusion is therefore that no negligence of the defendant caused the accident. *Tully* v. *Fitchburg Railroad,* 134 Mass. 499. *Chase* v. *New York Central & Hudson River Railroad,* 208 Mass. 137. *MacLaren* v. *New York, New Haven & Hartford Railroad,* 252 Mass. 233. It was caused either by some defect in the truck, or by the manner of its operation. The railroad company cannot be held to act upon the assumption that a motor vehicle will become stalled upon its tracks. If the operator of such a vehicle decides to cross a railroad track ahead of an approaching train in plain sight, even when it is obvious that in the absence of some untoward occurrence he can do so, the chance of such an occurrence must fall upon him rather than upon the railroad. *Sullivan* v. *New York, New Haven & Hartford Railroad,* 154 Mass. 524, 528.

In view of the conclusion reached it is unnecessary to decide whether the plaintiffs are precluded from recovery upon the ground that at the time of the collision the decedent was not licensed to operate the truck as required by G. L. c. 90, § 10, as amended by St. 1923, c. 464, § 4, *Commonwealth* v. *Harris,* 257 Mass. 434; nor is it necessary to consider the other exceptions saved by the defendant.

It results that the exception to the refusal of the trial judge to direct a verdict in its favor must be sustained, and judgment is to be entered in each case for the defendant.

*So ordered.*