ANGUS S. ANTHONY *vs.* BOSTON AND MAINE RAILROAD.

ARTHUR ANTHONY *vs.* SAME.

WINIFRED M. ANTHONY *vs.* SAME.

· LEAH W. ANTHONY *vs.* SAME.

Middlesex.    May 19, 1931. — September 9, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & FIELD, JJ.

*Practice, Civil,* Ordering verdict, New trial.  *Negligence,* At grade cross-
ing of railroad, Motor vehicle, Railroad, Imputed, Violation of statute.

Following the trial together of several actions against the same defendant,
which resulted in verdicts for the plaintiffs, the defendant in each
action filed a motion for a new trial on several grounds.  After hear-
ing, the trial judge indorsed "Allowed" upon each motion and signed
his name; and also filed a single signed memorandum in which he
stated that the new trial was granted on a certain one of the grounds
specified by the defendant.  This memorandum was attached by the
clerk to one of the motions.  *Held,* that the memorandum plainly was
intended to apply to the motion in each action and was sufficient
under G. L. c. 231, § 128, as to each motion.
Where the judge at the trial of an action, holding in abeyance a motion
by the defendant that a verdict be ordered in his favor, submitted
the action to the jury and, upon their reporting a disagreement,
ordered a verdict for the defendant, it was *held,* that
    (1) The provisions and requirements of G. L. c. 231, § 120, were
inapplicable;
    (2) The procedure was proper.
It was proper to order a verdict for the defendant at the trial of an
action against a railroad corporation under G. L. c. 160, § 232, for
personal injuries sustained when a motor truck operated by the plain-
tiff was struck by a train of the defendant at a grade crossing, where
the plaintiff's testimony showed that, although there was a failure by
the defendant to give the statutory signals required by § 138, the plain-
tiff last looked for a train when the truck was thirty-five feet from
the crossing, at which point the train was in plain view; that he could
have stopped the truck in two or three feet; that he drove up to and
upon the crossing without looking again; and that, upon a compan-
ion's calling his attention to the train when the truck was on the
crossing, he increased speed in an effort to get across safely: the plain-
tiff was barred from recovery by his violation of G. L. c. 90, § 15.
Minor children of the plaintiff in the action above described, who were
accompanying him in the truck and who also brought actions under

said § 232 for personal injuries sustained in the collision, were *held* to have submitted themselves to the care of their father and to be precluded from maintaining their actions by his unlawful act.

There was error in ordering a verdict for the defendant in an action under said § 232 by the owner of the truck, who was the wife of the operator, for damage to it, where there was evidence that the operator was using the truck at the time of the collision without the plaintiff's knowledge and that he had not been entrusted by her with control of it: in such circumstances it was not proper to rule as a matter of law that under said § 232 the husband had "charge of" the truck so that his "violation of the law" prevented recovery by its owner.

FOUR ACTIONS OF TORT. Writs in the first three actions dated November 24, 1924, and in the fourth action, March 15, 1926.

The circumstances of the first two trials of the actions together in the Superior Court, of the allowance by *Morton*, J., of motions for a new trial, and material evidence at the third trial before *Greenhalge*, J., are stated in the opinion. As described in the opinion, the judge ordered a verdict for the defendant in each action. The plaintiffs alleged exceptions.

*Simon Cohen*, (*L. Rubin* with him,) for the plaintiffs.

*J. M. Maloney*, (*M. J. Cohen* with him,) for the defendant.

CROSBY, J. These are four actions of tort, tried together, arising from a collision in the forenoon of November 21, 1925, between a motor truck and a locomotive at Lynch's Crossing, so called, a grade crossing over the defendant's railroad, in Tewksbury, in this Commonwealth. The plaintiff Angus S. Anthony was operating the truck without a license, and at the time of the accident his children, the plaintiffs Winifred and Arthur, were respectively ten and seven years of age, and were riding on the seat with him. There was evidence tending to show that the plaintiff Leah W. Anthony was the owner of the truck.

The actions were tried three times in the Superior Court. At the first trial in each case a verdict was returned for the defendant on the second count, which was a common law count, and for each of the plaintiffs on the first count for failure of the defendant to give the statutory signals as

required by G. L. c. 160, § 138; the verdicts for the plaintiffs were set aside by the trial judge. At the second trial the cases were submitted on the first count where a verdict was again returned for each plaintiff. In answer to a question submitted to the jury by the trial judge it was found that the defendant failed to give the statutory signals. In each case the defendant filed a motion for a new trial on the following grounds: "(1) Because the answer and the verdict were against the weight of evidence. (2) Because the answer and verdict were against the law. (3) Because the answer and verdict were against the law and evidence. (4) Because the verdict was excessive." After hearing the judge indorsed on each motion "Allowed," and signed his name. He filed a signed memorandum which the clerk attached to the motion in the case of the plaintiff Arthur Anthony, in which it was stated that a new trial was granted on the first ground. It is manifest that the memorandum was intended to apply to each case and was so noted on the record by the clerk. The statement filed by the judge setting forth the grounds upon which the motions were granted was sufficient to satisfy the requirements of G. L. c. 231, § 128; the statute does not require a separate statement to be filed in each case where several are tried together. *Anti* v. *Boston Elevated Railway*, 247 Mass. 1, 5–6. In each case the plaintiff's exception to the order allowing the motion must be overruled. "It is the general rule that the disposition of a motion to set aside a verdict for recognized causes rests in sound judicial discretion." *Bilsky* v. *Braley*, 246 Mass. 480, 481. There is nothing in the present record to show that there was an abuse of such discretion.

It remains to consider the exceptions taken by the plaintiffs at the third trial, which was on the first count only. At the close of the evidence the defendant filed a motion in each case that a verdict be directed in its favor. No action was then taken upon these motions, but the cases were submitted to the jury which reported a disagreement in each case. Thereupon the judge allowed the motions and directed a verdict for the defendant in each case subject to

the plaintiffs' exceptions. It is the contention of the plaintiffs that the order directing a verdict for the defendant in each case was erroneous because the conditions prerequisite under G. L. c. 231, § 120, for such action did not exist. This contention is without merit. The judge did not purport to act under that statute. It is apparent that having reserved the motions for further consideration, he then submitted the cases to the jury. When the jury disagreed the provisions of G. L. c. 231, § 120, were not applicable. Having held the motions for a directed verdict in abeyance, they were still before him. There was no error in allowing the motions after the disagreement of the jury, and in ordering verdicts for the defendant.

The plaintiff Angus S. Anthony testified that he drove the truck upon the railroad crossing, without having previously looked for the presence of a train for thirty-five feet, and without hearing or seeing an approaching train; that his daughter, who did hear the train, said to him, "Train, Daddy." He further testified that the track at that point was straight for over a mile; that the crossing approach was on "pretty much of a slant" approximately as shown on the plan; that after his daughter called to him he heard three "short toots" from the locomotive; that he had passed over the first rail when his daughter spoke to him; that he looked for a train at a point from which he could see up the track six or seven hundred feet; that he did not see anything; that he went from there across the track without looking again; that he would say that the crossing was almost thirty-five feet from where he last looked; that he was familiar with the location and drove the truck on the railroad track and did not hear a whistle or bells; that he went over the crossing very often and was very familiar with it; that within thirty-five feet of the track he could see up the track about seven hundred feet; that he looked from a point of thirty feet from the crossing and could see about five hundred thirty feet up the track; that while he was going about thirty-five feet the train "must have come from somewhere at least more than five hundred thirty feet away and struck the car."

He further testified that he could have stopped the truck in two or three feet; that when he was on the crossing his daughter warned him of the approaching train, and he then increased his speed in the hope of getting across safely. The only rational conclusion from the entire evidence is that the train was in plain sight when he was within thirty-five feet of the crossing. If he did not see it at that time he either looked carelessly or did not look at all. He drove on the crossing, paying no attention to the imminent danger which he ought to have guarded against and which, with proper care, he could have avoided. This was negligence on his part. *Creeley* v. *Boston & Maine Railroad*, 263 Mass. 529.

The testimony of this plaintiff plainly shows that as he approached the railroad crossing he did so in violation of G. L. c. 90, § 15, whereby it is required that "Every person operating a motor vehicle, upon approaching a railroad crossing at grade, shall reduce the speed of the vehicle to a reasonable and proper rate, and shall proceed cautiously over the crossing." If it be assumed that the statutory signals required by G. L. c. 160, § 138, were not given, and if it could not have been ruled that the operator of the truck was guilty of gross or wilful negligence, contributing to his injury, within the meaning of G. L. c. 160, § 232, he is precluded from recovery because of his violation of G. L. c. 90, § 15. The case at bar cannot be distinguished in principle from *Fortune* v. *New York, New Haven & Hartford Railroad*, 271 Mass. 101. See *Jones* v. *New York, New Haven & Hartford Railroad*, 275 Mass. 139. It has long been settled that one violating a criminal law cannot recover for an injury to which his criminality was directly a contributing cause. *Bourne* v. *Whitman*, 209 Mass. 155, 167. The minor plaintiffs submitted themselves to the care of their father and are bound by his unlawful act. G. L. c. 160, § 232. *Chase* v. *New York Central & Hudson River Railroad*, 208 Mass. 137, 146, 157. *Morel* v. *New York, New Haven & Hartford Railroad*, 238 Mass. 392. *Lewis* v. *Boston & Maine Railroad*, 263 Mass. 87, 91–92. It follows that verdicts were rightly directed for the de-

fendant at the last trial in the actions of Angus S. Anthony and in those of the minor plaintiffs. As to those plaintiffs the exceptions are overruled.

It remains to consider the action brought by Leah W. Anthony for damages caused to the truck. The bill of exceptions recites that "There was evidence from which the jury might have found that the plaintiff Leah W. Anthony was the owner of the truck . . . that on the day of the accident the truck was used without her knowledge, and that the statutory signals were not given." It is plain that the plaintiff Angus S. Anthony and his two children are precluded from recovery because of his conduct as already stated. It does not follow, however, that Leah W. Anthony may not recover for damages caused to the truck. It could have been found that her husband was not entrusted by her with the control of the truck and that he did not have charge of it within the meaning of G. L. c. 160, § 232. *Nash* v. *Lang*, 268 Mass. 407. It also could have been found that the damage to it was the result of the concurring negligence of her husband and the defendant. She was free from any negligence, and none is to be imputed to her because of her husband's use of the truck without her knowledge. She is not responsible for his conduct in the circumstances here disclosed and is not to be deprived of a remedy against one who has damaged her property, although she has no right of action against her husband. That fact, however, presents no reason why she should not have a cause of action against another wrongdoer who has contributed to cause the damage sustained by her. If, as the jury could have found, the accident was due to the failure of the defendant to give the statutory signals, she was entitled to recover even if negligence of her husband concurred to produce such damage. *Nash* v. *Lang*, 268 Mass. 407. As to her a verdict could not properly have been directed for the defendant.

The exceptions saved at the third trial in the actions of Angus S. Anthony and the two minor plaintiffs are overruled, and in the action brought by Leah W. Anthony the exceptions are sustained.

*So ordered.*