Thomas E. Kenney *vs.* Boston and Maine Railroad.

Hampden.    May 24, 1938. — October 18, 1938.

Present: Lummus, Qua, Dolan, & Cox, JJ.

*Pleading, Civil,* Admission of facts in absence of special demand for proof. *Evidence,* Admissions. *Negligence,* Licensee, Violation of law, Imputed. *Railroad,* Grade crossing. *Wilful, Wanton, or Reckless Misconduct.*

An admission of the truth of an allegation in one of two independent counts of a declaration by failure of the defendant to file a special demand for proof under G. L. (Ter. Ed.) c. 231, § 30, established the fact so alleged as to that count only.

One injured through a collision of a railroad train and an automobile on a grade crossing of the railroad with a way not shown to be a public way could not maintain an action against the railroad corporation at common law in the absence of proof of wilful, wanton or reckless misconduct of the defendant.

Wilful, wanton or reckless misconduct of the one in charge of a railroad train which struck an automobile upon a grade crossing with a way not shown to have been public was not shown by evidence that after seeing the automobile twenty-five feet from the crossing, at which time the train was several hundred feet from it, he did not decrease the speed of the train nor sound any signals.

In an action against a railroad corporation for injuries resulting from a collision of a railroad train and an automobile at a public grade crossing, a ruling was required that the operator of the automobile violated G. L. (Ter. Ed.) c. 90, § 15, by failing to "proceed cautiously over the crossing" and that the violation contributed to the injuries, where the evidence in its aspect most favorable to the plaintiff showed that the operator did not look in the direction from which the train came before going on the crossing, stopped on the crossing when the train was only a few hundred feet away and did not see it until a passenger in the automobile gave a warning cry.

One of two employees who was operating an automobile in which they were riding on their employer's business "had charge of" the "person" of the other within G. L. (Ter. Ed.) c. 160, § 232, so that the operator's violation of c. 90, § 15, barred the passenger's recovery from the railroad corporation in an action under § 232.

TORT. Writ in the District Court of Holyoke dated August 20, 1935.

Upon removal to the Superior Court, the action was tried before *Collins*, J., and in this court was submitted on briefs.

*C. D. Sloan & J. B. Richardson, Jr.*, for the plaintiff.

*R. W. Hall*, for the defendant.

DOLAN, J. This is an action of tort brought to recover compensation for personal injuries sustained by the plaintiff, on August 22, 1934, as a result of the collision of an automobile, in which he was riding, with a train of the defendant railroad corporation. At the close of the evidence the judge allowed a motion of the defendant for a directed verdict under each count of the plaintiff's declaration, and reported the case for the determination of this court. The parties have stipulated that, if the judge erred in directing verdicts for the defendant, judgment is to be entered for the plaintiff in the sum of $2,000; otherwise judgment is to be entered for the defendant.

The evidence in its aspect most favorable to the plaintiff tended to show the following facts: The plaintiff was employed as an attendant at the Belchertown State School, located in Belchertown, Massachusetts. It was one of his duties, when so instructed, to assist in finding and bringing back to the school any "patients" who had escaped. In the morning of the day the accident occurred, he was ordered, together with another employee of the school, to go with one Cronin, the superintendent of farms connected with the school, who was also a special officer, and to assist the latter in finding and returning a "patient" who had escaped. The plaintiff entered an automobile which was driven by Cronin (who will hereinafter be described as the operator) and sat on the rear seat at the right. As the automobile approached a railroad crossing which was at grade, it was being operated in second speed at the rate of not more than ten miles an hour. Neither the operator nor the plaintiff was familiar with the way upon which the former was driving, or knew that "there was a railroad crossing there." There were no signs or signboards to indicate that there was a railroad crossing at the place of the accident. See G. L. (Ter. Ed.) c. 160, § 140. There were shrubs and bushes about four feet in height on both sides of the way. "It was not possible to see up the track to the right for any distance until one was right on the crossing." The plaintiff was looking to the right and left as the automobile was travelling along toward the crossing. He first saw the train approaching from his right when the automobile stopped on the crossing and the train was six hundred feet away. He called to the operator that a train was coming, then looked back at the train, called to the operator again that it was coming, and then "yelled 'Let's get out of here!' He then tried to open the door and seeing the train was near to the car, dove for the front seat of the automobile as the train struck the right rear side of the automobile." The train was going from thirty-five to forty miles an hour and did not decrease its speed as it approached. The statutory signals required by G. L. (Ter. Ed.) c. 160, § 138, were not given. The automobile was seen by the defend-

ant's servant when the train was six hundred feet, and the automobile twenty-five, from the crossing. The operator of the automobile did not look to the right just before going on the crossing, and did not see the train until just before the crash and after he heard the plaintiff cry "Let's get out of here."

The plaintiff's declaration is in two counts. There is no allegation in the first count that the railroad involved crossed a public way. It is not predicated upon a failure to give any signals required by law.* The second count does allege that the railroad crossed a public highway, and that the defendant failed to give the signals required by law. The judge ruled as to count 1, that the plaintiff had not "shown or alleged that the railroad crossed a public way and had not shown gross, wanton and willful misconduct on the part of the defendant"; and as to count 2, that the plaintiff was in the custody of the operator of the automobile, that the latter had violated the provisions of G. L. (Ter. Ed.) c. 90, § 15, and that therefore the plaintiff could not recover.

The allegation in the second count that the railroad crossed a public way, in the light of the failure of the defendant to file a demand for special proof of that allegation, determined that the railroad did cross a public way for the purposes of the second count. See G. L. (Ter. Ed.) c. 231, § 30; *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 37; *Hirrel* v. *Lacey,* 274 Mass. 431, 436; *Liddell* v. *Middlesex Motor Co.* 275 Mass. 346, 352. Nevertheless, that admission as to the second count does not determine the fact as to the first count. The two counts are separate and independent and the allegations of one count will not be imported into another unless done so by express terms. See *Farquhar* v. *Farquhar,* 194 Mass. 400, 404; *Merrill* v. *Post Publishing Co.* 197 Mass. 185, 192. In like manner an admission in the pleadings will be restricted to the issues arising under the count as to which the admission is made.

---

* The material allegations of the first count were that the plaintiff was riding in an automobile on a certain "grade crossing," and was struck by a train of the defendant "due to the negligent operation thereof by" the defendant's servants. — REPORTER.

See G. L. (Ter. Ed.) c. 231, §§ 87, 90; 2 Wigmore on Evidence (2d ed.) § 1064.   The plaintiff therefore could not prevail under the first count of his declaration, except by showing that the defendant was guilty of intentional, wanton or reckless misconduct resulting in his injuries. See *Berube* v. *New York, New Haven & Hartford Railroad*, 234 Mass. 415, 419–420; *Davis* v. *New York, New Haven & Hartford Railroad*, 272 Mass. 217, 220–221.   The evidence was not sufficient to warrant the jury in finding such conduct on the defendant's part.   When the defendant's servant first saw the automobile involved, it was twenty-five feet from the track.   He could have assumed properly that it would come to a stop.   The failure to give any signals by bell or whistle cannot be said to be intentional, wanton or reckless misconduct on the part of the defendant's servant. See *Murphy* v. *Avery Chemical Co.* 240 Mass. 150, 154; *Washburn* v. *Union Freight Railroad*, 247 Mass. 414, 416. We think that the judge did not err in directing that a verdict be returned for the defendant on the first count.

With relation to the second count the jury could have found that the defendant failed to obey the provisions of G. L. (Ter. Ed.) c. 160, § 138, that a bell shall be rung or three separate blasts of a steam whistle sounded "at the distance of at least eighty rods from the place where the railroad crosses upon the same level any public way or traveled place over which a signboard is required to be maintained as provided in sections one hundred and forty and one hundred and forty-one; and such bell shall be rung or such whistle sounded continuously or alternately until the engine has crossed such way or traveled place." It is established as to the second count by the pleadings that the railroad crossed a public way at the place of the accident.   The count is a statutory one under G. L. (Ter. Ed.) c. 160, § 232, which provides for recovery against a railroad corporation when the crossing signals required by § 138 are not given, and one is injured in person or property "by collision with the engines or cars or rail-borne motor cars of . . . [the] railroad corporation at [such] a crossing . . . ." and the neglect to give the signals contributed to

the injury, unless it is shown that the person injured "or the person who had charge of his person or property was, at the time of the collision, guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross or wilful negligence or unlawful act contributed to the injury."

G. L. (Ter. Ed.) c. 90, § 15, as amended by St. 1933, c. 26, § 1, provides, in part, that "every person operating a motor vehicle, upon approaching a railroad crossing at grade, shall reduce the speed of the vehicle to a reasonable and proper rate, and shall proceed cautiously over the crossing. . : . Whoever violates any provision of this section shall be punished by a fine of not less than ten nor more than fifty dollars." The neglect of the operator in the case at bar to reduce his speed when approaching the crossing, and to look in both directions to make certain that no train was drawing near, and his act in stopping the automobile on the crossing, required the judge to rule that he violated the provisions of this statute, even although no signals were given by the defendant in warning of the approaching train and no signboards or signs were displayed giving notice of the existence of the crossing, as required by law, and although the evidence would not justify a ruling that the operator had been guilty of "gross or wilful negligence." See *Klegerman* v. *New York, New Haven & Hartford Railroad,* 290 Mass. 268, 274–275, and cases cited. The statute is founded upon a rule "of public policy designed to promote the general welfare of travelers upon railroads as well as upon ways." *Fortune* v. *New York, New Haven & Hartford Railroad,* 271 Mass. 101, 105. See also *Davis* v. *New York, New Haven & Hartford Railroad,* 272 Mass. 217, 221. The evidence also required a ruling that the violation of the statute directly contributed to the injuries sustained by the plaintiff. See *Chase* v. *New York Central & Hudson River Railroad,* 208 Mass. 137, 158. It follows that, had the operator of the automobile been injured as a result of the collision and brought action to recover compensation, he would have been precluded from recovery under G. L. (Ter. Ed.) c. 160, § 232. See *McDonald*

v. *New York Central & Hudson River Railroad,* 186 Mass. 474; *Bourne* v. *Whitman,* 209 Mass. 155; *Fortune* v. *New York, New Haven & Hartford Railroad,* 271 Mass. 101; *Klegerman* v. *New York, New Haven & Hartford Railroad,* 290 Mass. 268, 273–275, and cases cited; *Germaine* v. *Boston & Albany Railroad,* 298 Mass. 501, 503; *Gilmore* v. *Boston & Maine Railroad,* 299 Mass. 303, 307–308.

The defendant's contention as to the second count is that, as the operator of the automobile in which the plaintiff was riding was acting in violation of law at the time of the accident, the plaintiff cannot recover. The defendant relies upon G. L. (Ter. Ed.) c. 90, § 15, and c. 160, § 232, reference to the provisions of which has already been made. We think that this contention must be sustained and that it must be held on the authority of our decided cases that the operator of the automobile had charge of the person of the plaintiff within the meaning of G. L. (Ter. Ed.) c. 160, § 232, at the time of the accident, and that since the operator was then acting in violation of law the plaintiff is precluded from recovery on the second count of his declaration. *Chase* v. *New York Central & Hudson River Railroad,* 208 Mass. 137, 157. *Morel* v. *New York, New Haven & Hartford Railroad,* 238 Mass. 392, 394. *Lewis* v. *Boston & Maine Railroad,* 263 Mass. 87, 92. *Anthony* v. *Boston & Maine Railroad,* 276 Mass. 392, 396.

The entry will therefore be

*Judgment for the defendant.*