Carr, J.,
dissenting: I agree with the disposition which the majority of the Appellate Division have made of the question of practice raised by the plaintiff’s motion to dismiss the defendant’s draft report but I prefer to .state my own reasons.
The purpose of Rule 28 of this court is to warn the trial judge of the grounds on which the appealing party intends to rely so that the judge may include in his report all the material tending to support his action and to warn the appellee of the issues he must argue in his brief.
The writer of this opinion had assumed that the “Draft Report Model” on page 61 of the 1940 rules and on page 50 of the 1932 rules was a part of the rule. There could be no question that the form, of report used in the case of Ahern v. Towle, 310 Mass. 695 accorded with the “Draft Report Model” in the 1932 Rules and probably little question that the statement of grievances in the pending case conformed to that “Model.” In the 1940 edition of the Rules, however, the form was changed. In the grievance clause the words of the 1932 rule book “claiming to be aggrieved by the rulings and refusals to rule as requested,” were stricken out and the following words were substituted “claiming to be aggrieved by (here state in detail and accurately the rulings given or refused by which the party claims to be *192 aggrieved).” It would not seem to the writer of this opinion that the defendant’s statement of grievances in the pending case was in accordance with the 1940 form.
In the decision in Ahern v. Towle, 310 Mass. 695 supra, although the case was actually tried and appealed while the 1932 rules were in effect, the court refers to Rule 28 then in force as follows: — “That rule, which, so far as material, remains unchanged in the 1940 revision of the Rules of the Municipal Court of the City of Boston.”
In view of this decision it would seem that the action of the trial judge in denying the plaintiff’s motion to dismiss the claim of report must be sustained.
There is no object in trying to distinguish the following cases cited by the plaintiff. Stafford v. The Commonwealth Co., 263 Mass. 240. Rollins v. Perry, 284 Mass. 488. Almeida v. Alsdorf, 291 Mass. 115.
On the merits of the case I cannot agree with the majority opinion.
The plaintiff relied largely on the negligence of the defendant’s engineer. Besides the general allegation of the engineer’s negligence, he devoted about a third of his declaration to the failure of the engineer to ring his bell or sound his whistle. (Gen. Laws, Ter. Ed. ch. 160, sec. 138): — an act, by the way, as useless to stir a stalled automobile as to stir a dead body. If he were intending to rest liability on the negligence of the gate-tender, it is surprising that he did not put in a better case. The defendant’s counsel was evidently attempting to defend the engineer’s conduct as his requests for rulings indicate. Counsel for the defendant stated before the Appellate Division that the trial judge suggested during argument that the case could rest on the conduct of the gate-man. It is not at all clear that the plaintiff could not have prevailed on the basis of the engineer’s negligence other than the failure to sound bell or whistle (cf. Fortune v. New York, New Haven & *193 Hartford Railroad, 271 Mass. 101). There was evidence that the nearest end of the tunnel was 75 yards from the crossing; that the engineer could see the crossing before entering the tunnel at which time the plaintiff’s automobile was on the tracks. Consequently if the engineer had looked carefully and acted accordingly he might have avoided the accident. It appears in the report, as mentioned in the majority opinion, that the judge had before her a diagram of the scene of the accident, showing the course and position of the plaintiff’s automobile, the course of the engine, etc. Though the judge had the advantage of this diagram, it was not before the Appellate Division and consequently of no more value on appeal than a view of which no narrative is contained in the proceedings for review. (Keeney v. Ciborowski, 304 Mass. 371, 372, 374.)
While it is true that the defendant could not insist on having the case decided on any particular theory within the cause of action (Pizer v. Hunt, 250 Mass. 498, 504), it seems obvious that if the decision could have rested on the issues apparently tried the case would not have been so difficult to review. It is reasonable to suppose that time would be saved and justice more clearly established by a new trial. I do not, however, rest the question of new trial on this general ground.
The majority of the court have assumed that the finding for the plaintiff was rested on the conduct of the gate-man, and assuming that “operative effect” was given to the rulings made, I also assume that the finding was based on his conduct.
The question then is whether the evidence makes out a case based, on the conduct of the gate-man. I. think it does not and believe that the defendant’s request 10(a) should have been given. It reads as follows “That on all the evidence, the plaintiff is not entitled to recover be *194 cause, (a) There is no evidence of negligence on the part of the Defendant, its agents or servants;”
There is doubt in my mind whether the evidence showed that the gate-man was negligent. Apparently the crossing was a busy one, both for trains and for highway traffic. There were two sets of gates and a tower twenty-five feet high in which the gate-man stood; there was in addition a railroad flagman at the crossing. We have no evidence as to the space occupied by tracks; we do not know whether when the first set of gates were coming down the plaintiff had reached the rails. We have no, evidence as to the state of highway traffic at this time. The gate-man was required to act as a prudent man under the circumstances. He owed duties to the general public approaching the crossing from both directions (S. E. Rand Trans. Co. v. Boston & Maine R. R., 273 Mass. 327, 332). By putting down, the gates when he did, he may have risked injury to one automobile to save a number of lives. On this subject the plaintiff has left us to guess. In Warren v. Boston & Maine R. R., 163 Mass. 484 decided nearly fifty years ago in the horse and buggy period, the court thought there was some evidence of negligence on the part of the gate-keeper. 'There the driver got across all the tracks and cried out “For Hod’s sake raise the gates” and the gate-keeper did hot raise them. This, however, is not exactly our case. For what is later to be said on the subject of raising the gates, it should be noticed that both horse and buggy were intact before they were struck by the train and could have been driven from; the rails if' the gate-man had raised the gates.
Assuming, however, that the gate-man was negligent in putting down the gates, I doubt if any one would have held that this act of negligence contributed as cause to the *195 accident, if he put them up again in time for the plaintiff to drive off and if the plaintiff then had refused to move his car nor do I think, if having so put up the gates, his original negligence would have been held the cause of the accident, if the plaintiff could not drive off because of a defect in his car not caused by the action of the gate-tender (Davis v. New York, New Haven & Hartford Railroad, 272 Mass. 217, 222).
One accepted fact seems to be that the lowering of the gates caused the plaintiff to stop his ear. Thereafter the engine of the defendant’s ear stalled but there is not a scintilla of evidence offered by the plaintiff to show why his engine stalled and refused to start. There are many possible causes for the stalling of an engine. In these times when practically every person physically and mentally sound, and of sufficient age operates a car whether he owns it or not," it may be assumed that judges know something about automobiles and can take judicial notice of the simple facts relating to their operation which ordinary people know. At least in Davis v. New York, New Haven & Hartford Railroad, 272 Mass. 217, 222 the court seems to have taken such notice.
It might be that the plaintiff became flustered when the gates camle down in front of him (Green v. Haverhill and Amesbury St. Ry. Co., 193 Mass. 428, 430) and stalled his engine and was unable to, start it through nervousness. The evidence, however, does not show that he became excited or confused. He offered no evidence as to his state of mind although it may be assumed that he was present and testified. After he stopped his car and after the engine stalled he tried to start the motor; then he got out and with the assistance of others tried to push his car off the tracks. He was then collected enough to go to the car, *196 take Ms brief case out of it and then seek a place of safety. The engine may have stalled and refused to start for some physical or mechaMcal difficulty. It is common knowledge that a cold engine may operate at high speed but stop and refuse to start when slowed down. It is common knowledge that an engine may stall and refuse to start because the battery has ‘‘gone dead” or because an ignition wire has jolted loose or because the gasolene has been used up. No evidence was offered in regard to these possibilities. In fact we do not know anything about the condition of,the car. We do not kno,w its age. It may have been at the end of its journey like Holmes’ “OneHoss Shay”.
After the plaintiff’s engine stalled there was time as already stated for the plaintiff to attempt to start it, for him to get out and with the assistance of others attempt to push the car from the tracks and for him to go back to Ms car, get out his brief case and remove himself from danger. The report states that the gate-tender started to raise the gates. Whether he kept on or not does not appear. He may have put them up far enough for the plaintiff to escape. He may have seen that it was useless to put them up further because the plaintiff’s car could not start, and, owing duties to other travelers on the highway, he. may have been prudent in not permitting them to run into danger. If any facts were wanting, it was for the plaintiff to supply them. The burden was on him to show that the defendant was negligent. (Conway v. Boston Elevated Ry. Co., 255 Mass. 571, 574).
In the law of tort for negligence there is no. such tMng as negligence in the abstract. (Tompkins v. Quaker Oats Co., 239 Mass. 147, 149.) So far as liability in this kind of tort is concerned, a. person may be as careless as he *197 pleases if Ms act of negligence does no damage. (Sullivan v. Old Colony Street Ry., 200 Mass. 303), “The general rule is that one cannot be held liable for negligent conduct unless it is causally related to injury of the plaintiff” (Wainwright v. Jackson, 291 Mass. 100, 102).
I think also that the trial judge made an erroneous disposition of the defendant’s seventh request. This request read as follows: “That no presumption of negligence arises from the facts of the accident.” The disposition was as follows: “Denied. I find that the gate-tender was negligent. ’ ’
As already pointed out a finding that the gate-tender was negligent if the negligence did not contribute as cause to the injury is no more important than a statement that the gate-tender had a cold. However, even if such a finding Were pertinent, it did not meet the issue now discussed.
The request was an attempt to state the principle of law as laid down in Patton v. T & P Railway Co., 179 U. S. 658, 663. Adding the letter s to the word fact was a clerical error, apparently first noticed by counsel for the defendant when the writer of this opinion called his attention to it at the hearing before this Division. If the judge was familiar with the Patton case she knew what was meant; if not the request as it stood, stated a correct principle of law. The Patton case laying down the law as applied by the United States Court stated in substance that on proof of an accident on a railroad there was a presumption of negligence as to a passenger in the absence of explanation or proof for there is a prima facie breach of the contract to carry safely, but the presumption did not help the plaintiff in that case who was not a passenger but an employee. The last part of this principle is good law in Massachusetts. There is no such presumption as to neg *198 ligence of a defendant; the burden is on the plaintiff to prove negligence. In case of doubt he loses. The majority opinion p. 190 recognizes this truth in these words. “When the facts of an accident are before the court as evidence, as they were in this case, there is no place for presumptions.” The defendant probably Would not ask for a much better statement of his principle than this except that the statement suggests that there would have been a place for a presumption of negligence if the facts were not before the court.
The majority opinion seeks to get around the difficulty by relying on Bresnick v. Heath, 292 Mass. 293 and the numerous decisions made necessary by that case; by stating that, (as I understand it) the finding “that the gate-man was negligent” was sufficient and that being a finding of fact it is not open to review; by stating that if there were any defect in the brief finding it was completed by the general finding for the plaintiff; and by stating that the judge recognized no presumption.
Bresnick v. Heath disclosed to the bar a trap for the unwary among the judiciary who seemed to feel an irresistible impulse to deny the now stock form request that the evidence warrants a finding for the defendant. The decisions that have followed that case have been efforts to extricate the unwary from the trap. The request which we are now considering, however, is very different from the ruling requested in. Bresnick v. Heath. The request now considered is not whether the evidence warranted a finding for the plaintiff but as to the effect of certain facts. If the ruling requested had been that the burden of proof is. on the plaintiff’ to show that the accident was caused by the defendant’s negligence, I doubt if the majority would say that the disposition “Denied. I *199 find that the gate-tender was negligent” would be sufficient (cf Clarke v. Mass. Title Ins. Co., 214 Mass. 31). Although presumption is not the same as burden of proof it is closely related to it. As Thayer, Preliminary Treatise on Evidence, says p. 317 “A rule of presumption does not merely say that such and such a thing is a permissible and usual inference from other facts, but it goes on to say that this significance shall always, in the absence of other circumstances, be imputed to them,” . . . (cf Mahoney v. Boston Elevated Ry., 271 Mass. 274, 278, 279). A presumption will throw upon the one against whom it acts, the duty of going forward (Powers v. Russell, 13 Pick. 69, 76, 77). Such a request for ruling as the one before us cannot be disposed of iby talking of something else.
Of course in the face of the 7th and 10(a)th request for rulings the majority cannot seriously contend that the finding made in disposing of the 7th request is not open to review.
The general finding for the plaintiff does not help the situation. The real question under the request now considered is whether the judge reached her general finding by proper steps. (De Young v. Andrews Co., 214 Mass. 47, 50.) In a case where an attempt was made to avoid the consequences of a ruling by a general finding Bolster, C. J. said, “In such a case the argument that the error is cured by the finding goes round in a circle. The real question is, how was the finding made, and under what legal rules” (Lockwood v. Garford Motor Truck Co., 21 App. Div. 236—1924) (cf. Clarke vs. Mass. Title Ins. Co., 214 Mass. 31).
Finally the majority say that the judge “recognized no presumption”. Just where they found this I do not know. If laymlen are judged by external tests (Williston, Contracts Rev. Ed. sec. 94; Hobbs v. Massasoit Whip Co., 158 *200 Mass. 194, 197; Stoddard v. Ham, 129 Mass. 383, 385) a judge should ibe similarly judged. It is what the judge expresses not what he may or may not have concealed in his mind that counts. Appellate judges are not psychoanalysts. Even the best of judges make mistakes (Beck v. Warren Inst. for Savings, 1942 A. S. 1507).
It has been said that where a judge denies a proper request for ruling (meaning of course without adequate explanation) “it must be assumed the judge considered that the request embodied an erroneous ruling of law as applied to the facts of the case, and based his finding upon the assumption that the law was otherwise” (Rooney v. Porter-Milton Ice Co., 275 Mass. 254, 258).
The defeated party, so far at least as he makes proper requests is entitled to know that correct rules of law have been followed by the trial judge in reaching his conclusions (Hetherington & Sons v. William Firth Co., 210 Mass. 8, 17, 18, 19).
In my opinion there should be a new trial.