HELEN M. BROWN, executrix, *vs.* BOSTON AND MAINE
RAILROAD.

Worcester.    September 27, 1938. — January 3, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence*, Grade crossing, Contributory, Violation of law.    *Evidence*,
Presumptions and burden of proof.

An action against a railroad corporation under G. L. (Ter. Ed.) c. 229,
§ 3, for the death of the operator of an automobile killed in a collision
with a locomotive at a grade crossing in the daytime was barred as
matter of law where all the evidence showed that the operator, pro-
ceeding slowly, had ample opportunity to observe the approach of
the locomotive before he reached the tracks and so was guilty of
contributory negligence and of a violation of G. L. (Ter. Ed.) c. 90,
§ 15, as amended, contributing to his death.
In an action for death through negligence, G. L. (Ter. Ed.) c. 231, § 85,
did not prevent a ruling that the decedent had been guilty of contribu-
tory negligence where all the evidence, which disclosed his conduct
and the surrounding circumstances, led only to that conclusion.

TORT.  Writ in the Superior Court dated June 12, 1934.

A verdict for the defendant was ordered by *Donnelly*, J.
The plaintiff alleged exceptions, the parties stipulating in
part that if the verdict was ordered properly, judgment
should be entered on the verdict.

*C. C. Milton*, (*R. C. Milton* with him,) for the plaintiff.

*A. S. Houghton*, for the defendant.

QUA, J.   This action is brought under G. L. (Ter. Ed.)
c. 229, § 3, to recover for the death of the plaintiff's testator
as the result of a locomotive of the defendant to which no
train was attached striking an automobile which the deceased
was driving over a grade crossing on Eames Road in Worces-
ter.   The declaration is based solely upon negligence of
the defendant and is such as might have been filed in an
action at common law if the plaintiff's testator had lived.
This is not an action for failure to give the statutory signals.
G. L. (Ter. Ed.) c. 160, §§ 138, 232.

We think it unnecessary to discuss the evidence at length, as we have been unable to distinguish the case from a long series of decisions in which it has been held that recovery was barred because of the failure of the operator of a motor vehicle upon approaching a grade crossing to exercise due care and to "proceed cautiously over the crossing" as required by G. L. (Ter. Ed.) c. 90, § 15, as amended. Photographs incorporated in the bill of exceptions show that the presence of the crossing was evident to one approaching it from the west as did the deceased; that the road crossed the railroad nearly at a right angle; that after passing the corner of a building on his right, which the evidence tended to show was about forty-eight feet from the center of Eames Road and from thirty-eight and a half to fifty feet from the nearer of the two tracks, he obtained a practically unobstructed view along the railroad to the south, from which direction the locomotive came; that as he ascended a slight grade toward the nearest rail and reached a point which witnesses estimated as twenty-five feet from it this view extended a great distance estimated by all witnesses who testified upon the subject, by whichever party called, at not less than two thousand feet. The collision occurred on the second track. The speed of the deceased's automobile was estimated at from five to seven miles an hour and that of the locomotive at from twenty to forty-five miles an hour. The only evidence as to the time of the collision tended to show that it took place at twenty minutes past eleven in the forenoon of November 3, 1933. There was no evidence of any unusual conditions.

Assuming that the plaintiff is not bound by the testimony of any particular witness, nevertheless, if the accident happened as all the evidence tends to indicate and as the plaintiff contends, the deceased had ample opportunity, with the exercise of proper caution, to observe the approach of the locomotive, and if he looked at all he must have looked carelessly or must have continued on in disregard of the danger which was in plain sight. In such cases it is held as matter of law both that the operator has been guilty of contributory negligence and that failure on his part to

comply with the statute has contributed to his injury. *Allen* v. *Boston & Maine Railroad,* 197 Mass. 298. *Creeley* v. *Boston & Maine Railroad,* 263 Mass. 529. *Fortune* v. *New York, New Haven & Hartford Railroad,* 271 Mass. 101. *Anthony* v. *Boston & Maine Railroad,* 276 Mass. 392. *Tazzini* v. *Boston & Maine Railroad,* 277 Mass. 108. *O'Meara* v. *Boston & Maine Railroad,* 277 Mass. 315. *Carcione* v. *Boston, Revere Beach & Lynn Railroad,* 278 Mass. 357. *Gaboriault* v. *New York, New Haven & Hartford Railroad,* 289 Mass. 36. *Klegerman* v. *New York, New Haven & Hartford Railroad,* 290 Mass. 268. *Rohthstein* v. *Boston & Maine Railroad,* 294 Mass. 423, 430. *Germaine* v. *Boston & Albany Railroad,* 298 Mass. 501. *Gilmore* v. *Boston & Maine Railroad,* 299 Mass. 303. *Kenney* v. *Boston & Maine Railroad,* 301 Mass. 271.

This is not a case where the evidence fails to disclose the conduct of the deceased, so that he must be presumed to have been in the exercise of due care. *Gould* v. *Boston & Maine Railroad,* 276 Mass. 114. G. L. (Ter. Ed.) c. 231, § 85. His conduct and the decisive circumstances surrounding it are substantially disclosed by proof which the plaintiff does not attempt to controvert and cannot successfully controvert so long as her claim remains the one which she has set up and attempted to establish in this action. The case in this aspect is governed by *Murphy* v. *Boston Elevated Railway,* 262 Mass. 485, *Jackman* v. *O'Hara,* 280 Mass. 496, and *Carcione* v. *Boston, Revere Beach & Lynn Railroad,* 278 Mass. 357, 360.

We find in this case no occasion to reconsider the accuracy of the statement in *Klegerman* v. *New York, New Haven & Hartford Railroad,* 290 Mass. 268, at page 273, that in an action at common law the burden of proof is upon the plaintiff to show that no illegal act of his contributed to his injury (compare *Lincoln* v. *New York, New Haven & Hartford Railroad,* 291 Mass. 116, 118), as here the plaintiff is barred as matter of law, and no question of the burden of proof is open.

*Exceptions overruled.*
*Judgment on the verdict.*