DONALD ANDERSON *vs.* BOSTON AND MAINE RAILROAD.

Essex.    December 7, 1938. — January 4, 1939.

Present: FIELD, C.J., DONAHUE, QUA, & DOLAN, JJ.

*Negligence*, Grade crossing, Violation of law, Imputed.

In an action against a railroad corporation under G. L. (Ter. Ed.) c. 160, § 232, a ruling that the operator of an automobile struck by a "rail-borne motor car" of the defendant on a grade crossing violated G. L. (Ter. Ed.) c. 90, § 15, was required by evidence leading only to the conclusion that he failed to slacken speed sufficiently as he approached the crossing, or·that he failed to look for the car when he might have looked, or looked carelessly.

Because the operator of an automobile had "charge of" the "person" of another occupant within G. L. (Ter. Ed.) c. 160, § 232, and violated § 15 of c. 90, such other occupant could not recover under § 232 for injuries caused in part by such violation of law.

TORT. Writ in the Superior Court dated October 13, 1933.

The action was tried before *Collins*, J.

*H. Lawlor*, for the plaintiff.

*J. DeCourcy*, for the defendant.

QUA, J. The plaintiff seeks to recover for personal injuries sustained by him on the morning of August 7, 1933, as the result of a collision between an automobile driven by one Donovan in which the plaintiff was riding as a passenger and a "rail-borne motor car" of the defendant at a point in Amesbury where "Rabbit Road" crosses the railroad at grade.

This action was tried together with an action by Donovan. Both plaintiffs declared upon negligence at common law and also upon failure by the defendant to give the signals prescribed by an order of the department of public utilities made in pursuance of G. L. (Ter. Ed.) c. 160, § 232. In the action by Donovan the jury found for the defendant on both the common law and the statutory counts. In this action by Anderson the jury found for the defendant

on the common law count and for the plaintiff on the statutory count, and in answer to special questions applicable to both actions the jury found that the defendant did not give the signals required by law, and that such neglect contributed to the accident. Thereafter, upon leave reserved, the judge entered a verdict for the defendant on the statutory count in this action also, under G. L. (Ter. Ed.) c. 231, § 120, and reported the case.

The plaintiff in his brief seems almost to assume, although he says he does not concede, that Donovan violated the requirement of G. L. (Ter. Ed.) c. 90, § 15, as amended, that "every person operating a motor vehicle, upon approaching a railroad crossing at grade, shall reduce the speed of the vehicle to a reasonable and proper rate, and shall proceed cautiously over the crossing." He devotes his argument to the contention that the plaintiff Anderson is not barred by the conduct of Donovan because Donovan did not have "charge of . . . [the] person" of Anderson within the meaning of G. L. (Ter. Ed.) c. 160, § 232.

We think that as matter of law Donovan must be held to have violated G. L. (Ter. Ed.) c. 90, § 15. The crossing was substantially at right angles. The railroad was straight, and the highway was also straight for such distance as is material to the case. The automobile approached from the north, and the defendant's motor car approached from the west. Photographs show a broad, substantially level roadway, with the cross-arm sign plainly visible for a long distance. The plaintiff testified that he spoke to Donovan about the crossing when they were from one hundred fifty to two hundred feet away from it, and that he "figured Donovan heard him." Donovan testified that he saw the sign when he was about one hundred feet from it. Photographs show that the sign was itself some distance from the nearest rail, and testimony of a civil engineer placed this distance at twenty-three feet. There was conflicting evidence as to the extent, height and density of trees and bushes at the right of the highway, from which direction the defendant's motor car came, but the plaintiff testified that he could see a railroad track to his right fifty or sixty feet

before they reached the cross-arm, and Donovan testified that when he was fifty or sixty feet from the track he could look up to his right toward Amesbury. His speed at that point according to the plaintiff's testimony was "possibly" twenty miles an hour, and according to Donovan's testimony was ten miles an hour. There was, however, testimony from witnesses called by both parties that there were two brake marks on the road surface which measured ninety-three feet and about sixty feet in length, respectively, ending at the northerly rail. See *LaPointe* v. *Boston & Maine Railroad*, 182 Mass. 227, 228. The reason offered by the plaintiff for the failure to stop the automobile was that the highway had been newly surfaced and was covered with small, loose stones to a depth of half to three quarters of an inch, but this condition then existed generally on that road and must have been apparent to the operator. Without further discussion of varying aspects of the evidence, but giving the plaintiff the benefit of the most favorable possible inferences, the conclusion seems inescapable either that Donovan did not, upon approaching the crossing, "reduce the speed of the vehicle to a reasonable and proper rate" in view of existing and visible conditions, or that if he did do so, he did not look when he might have looked, or looked carelessly, and so did not "proceed cautiously over the crossing."

The statute now under consideration was originally enacted as part of a general law to provide for warning signs and to regulate the operation of motor vehicles at railroad crossings. St. 1917, c. 246, § 3. It was intended as an effective piece of legislation. It has been held to require active diligence. *Fortune* v. *New York, New Haven & Hartford Railroad*, 271 Mass. 101, 105. Its command is not couched in terms of due care and negligence. *Gaboriault* v. *New York, New Haven & Hartford Railroad*, 289 Mass. 36, 42. See *Jones* v. *New York, New Haven & Hartford Railroad*, 275 Mass. 139, 144. This case is within the authority of a line of recent decisions in which it has been held that the statute was violated. They are collected in *Klegerman* v. *New York, New Haven & Hartford Rail-*

*road*, 290 Mass. 268, and in *Brown* v. *Boston & Maine Railroad, ante*, 90.   See *Davis* v. *New York, New Haven & Hartford Railroad*, 272 Mass. 217, 221; *Mailhot* v. *New York, New Haven & Hartford Railroad*, 273 Mass. 277; *Cote* v. *Boston & Maine Railroad*, 278 N. Y. 78.

We cannot agree with the plaintiff's contention that Donovan did not have charge of the person of the plaintiff within the meaning of G. L. (Ter. Ed.) c. 160, § 232.   We regard it as settled by *Lewis* v. *Boston & Maine Railroad*, 263 Mass. 87, 92, and *Kenney* v. *Boston & Maine Railroad*, 301 Mass. 271, 277, that commonly the operator of an automobile has charge of the person of an occupant for the purposes of this statute.   Cases holding that in general contributory negligence of the operator is not imputable to a passenger are not in point.   The cases of *Griffin* v. *Hustis*, 234 Mass. 95 and *Fahy* v. *Director General of Railroads*, 235 Mass. 510, relied upon by the plaintiff, are also not in point. In neither of those cases could there be any recovery under the statute, as there was no "collision with the engines or cars."   Hence failure to give the statutory signals was important only as evidence of the defendant's negligence at common law.   *Giacomo* v. *New York, New Haven & Hartford Railroad*, 196 Mass. 192, 195.   *Mannino* v. *Boston & Maine Railroad*, 300 Mass. 71, 75.   In the opinions both cases are treated as common law cases.

It follows that the judge rightly entered a verdict for the defendant on the statutory count, and that judgment must be entered for the defendant.

*So ordered.*