FISHER K. RICE, administrator, *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.    May 1, 1944. — June 27, 1944.

Present: FIELD, C.J., QUA, RONAN, & WILKINS, JJ.

*Railroad*, Grade crossing. *Negligence*, Grade crossing, Motor vehicle, Contributory, Violation of law.

Findings that the operator of a motor truck, struck by a railroad train on a grade crossing on a public way, was guilty of contributory negligence and did not "proceed cautiously over the crossing" within G. L. (Ter. Ed.) c. 90, § 15, as amended by St. 1933, c. 26, § 1, were required as a matter of law and recovery for his death against the railroad corporation was barred, where it appeared that the collision occurred in the daytime, that the crossing was obvious, and that there was a clear view up the tracks, in the direction from which the train approached, of three hundred feet at a point on the way one hundred sixty feet from the crossing, increasing to at least two miles before the crossing was reached, and there was no evidence of unusual conditions.

TORT. Writ in the Municipal Court of the City of Boston dated January 8, 1941.

Upon removal to the Superior Court, the case was tried before *Walsh*, J.

*G. A. McLaughlin,* (*W. H. McLaughlin* with him,) for the plaintiff.

*J. DeCourcy,* for the defendant.

WILKINS, J.   This is an action of tort to recover for the death of the plaintiff's intestate, Edward W. McArdle, and for damage to an automobile truck which he was operating when struck by one of the defendant's trains at a grade crossing on Dutton Street, a public way in Sudbury.   The declaration contains counts for negligence at common law and for failure to give the statutory signals, G. L. (Ter. Ed.) c. 160, §§ 138, 232.   The answer included allegations that the plaintiff's intestate was acting in violation of law and that he was guilty of contributory negligence.   At the conclusion of the plaintiff's evidence the judge ordered a verdict for the defendant.

The accident occurred May 11, 1940, about 7:45 A.M. The deceased was accompanied by his brother, who was also killed.   No eyewitness testified.   There was no evidence of unusual conditions.   The physical situation appears from the evidence, including photographs taken on the day of the accident, which the plaintiff in his brief states fairly represent the general locus.   Dutton Street was apparently a country road about fourteen feet wide with a dirt surface, which was crossed at nearly a right angle by the railroad, a single track line.   In the direction in which the deceased was proceeding the road was straight for about two hundred fifty feet up to the crossing, one tenth of a mile before reaching which there was a round yellow metal disc marked "R.R."   At a point one hundred sixty feet before coming to the crossing one could see about three hundred feet off to the right up the railroad track in the direction from which the train came.   From this point to the crossing there was a flat area in which there were trees which were budding but not in leaf.   Beyond this area on an embankment the rails were clearly visible.   As one neared the crossing the view of the track was extended more and more until from the middle of the track it was possible to see up the track two to three miles in the direction from which the train came.   A railroad cross-arm

thirty feet from the nearer rail and on the right of the road as the truck was going, as well as a similar cross-arm on the farther side of the crossing and on the opposite side of the road, was clearly visible at a point one hundred sixty feet from the crossing. There was a slight up grade of about three feet in the last sixty feet of the road before reaching the crossing, and the "tracks are set in the road above the grade."

The verdict for the defendant was rightly directed. The plaintiff is barred from recovery, because the evidence clearly shows as matter of law that the deceased upon approaching the crossing did not exercise proper care and did not "proceed cautiously over the crossing," as required by G. L. (Ter. Ed.) c. 90, § 15, as amended by St. 1933, c. 26, § 1. Violation of this statute is "acting in violation of the law" under G. L. (Ter. Ed.) c. 160, § 232. *Kenney* v. *Boston & Maine Railroad*, 301 Mass. 271, 275–277. *Duval* v. *Duval*, 307 Mass. 524, 529–530. The crossing was obvious, and for at least one hundred sixty feet before reaching it there was, notwithstanding the trees, a clear view of the tracks for three hundred feet which continually increased until before going on to the crossing there was an unobstructed view for at least two miles. If the deceased had looked, no reason is apparent why he would not have seen the train before reaching the crossing. Whether he did not look at all, or whether he looked and failed to see, or whether he in fact saw the train and nevertheless decided to proceed over the crossing, he was in any event proceeding "in violation of the law." Enough appears of the conduct of the deceased and of the circumstances of his operation of the truck upon which the plaintiff relies to bring the case out of the scope of G. L. (Ter. Ed.) c. 231, § 85. *Brown* v. *Boston & Maine Railroad*, 302 Mass. 90, 92. *Emery* v. *New York, New Haven & Hartford Railroad*, 302 Mass. 578, 582. The "plaintiff is barred as matter of law, and no question of the burden of proof is open." *Brown* v. *Boston & Maine Railroad, supra*, at page 92. The plaintiff urges that the condition of the gear shift after the accident showed that the truck must have been in second speed when struck.

Assuming this to have been the fact, the plaintiff is not aided thereby. While this might indicate a reduction in speed, it would also have served to increase the time for seeing the train and would have made it easier to bring the truck to a stop.

This case falls within the authority of numerous controlling decisions. *Germaine* v. *Boston & Albany Railroad,* 298 Mass. 501. *Kenney* v. *Boston & Maine Railroad,* 301 Mass. 271. *Brown* v. *Boston & Maine Railroad,* 302 Mass. 90. *Anderson* v. *Boston & Maine Railroad,* 302 Mass. 101. *Emery* v. *New York, New Haven & Hartford Railroad,* 302 Mass. 578. *Gove* v. *Boston & Maine Railroad,* 307 Mass. 84. *Dole* v. *Boston & Maine Railroad,* 308 Mass. 46.

It is unnecessary to consider the plaintiff's exceptions to the exclusion of testimony offered to show that the statutory signals were not given.

*Exceptions overruled.*