JAMES T. O'BRIEN *vs.* BOSTON AND MAINE RAILROAD (and a companion case[1]).

Hampden. May 6, 1953. — July 1, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Negligence,* Grade crossing; Railroad: signal lights, operation of locomotive, grade crossing; Res ipsa loquitur; Contributory; Motor vehicle. *Railroad,* Grade crossing. *Motor Vehicle,* Operation, Grade crossing. *Practice, Civil,* Requests, rulings and instructions.

A finding of negligence on the part of a railroad was warranted by evidence that automatic signal lights maintained by it at a grade crossing were not operating as a train approached the crossing, where it collided with a motor vehicle, and also by evidence that the engineer of the train failed to apply the brakes seasonably after seeing the motor vehicle. [350]

Evidence, that the operator of a motor vehicle at night stopped it a few feet from a railroad grade crossing, observed that automatic signal lights there were not operating, and, not having seen or heard a train upon looking and listening, proceeded at not more than five miles an hour onto the crossing and had almost gotten across the first of double tracks when he saw near by on that track an approaching train which struck the vehicle, did not require a ruling as matter of law that he was guilty of contributory negligence or that he violated G. L. (Ter. Ed.) c. 90, § 15. [350–351]

---

[1] The companion case is one by Liberty Liquors Inc., against the same defendant. These cases have previously come before this court in *O'Brien* v. *Boston & Maine Railroad,* 325 Mass. 451.

At the trial of an action against a railroad arising from a collision between a train and a motor vehicle on a grade crossing, there was no error in the denial of a request by the defendant for an instruction that there was "no negligence in the speed of the train," which was only one of several factors bearing on the issue of the defendant's negligence. [351]

TWO ACTIONS OF TORT. Writs in the District Court of Holyoke dated October 4, 1939.

The actions were removed to the Superior Court. Following the decision by this court reported in 325 Mass. 451, they were tried before *Giles*, J.

*Dudley B. Wallace*, for the defendant.

*Gerald J. Callahan*, (*Ralph P. Walsh* with him,) for the plaintiffs.

LUMMUS, J. These cases are actions of tort resulting from a collision on June 16, 1939, between one and two o'clock in the morning, between a train of the defendant and a truck owned by the plaintiff Liberty Liquors Inc., and driven by the plaintiff O'Brien. O'Brien sued for personal injury, and the corporate plaintiff sued for injury to its truck. The report of an auditor whose findings of fact were not final was in evidence. A jury on December 11, 1950, gave damages to each plaintiff. It was agreed that the railroad crossing was at grade and was on a private way, not a public way. The answer in each case was a general denial, an allegation of contributory negligence, and an allegation of violation of G. L. (Ter. Ed.) c. 90, § 15, as it appeared in St. 1933, c. 26, § 1. That section provided that "every person operating a motor vehicle, upon approaching a railroad crossing at grade, shall reduce the speed of the vehicle to a reasonable and proper rate, and shall proceed cautiously over the crossing." The cases come here on the exceptions of the defendant to the denial of its motions for directed verdicts, to the refusal of its requested instructions, and to the instruction that the fact, if it were a fact, that the automatic signal lights on both sides of the railroad crossing were not operating was some evidence of the defendant's negligence.

The private way ran over the crossing from a main highway on the west of the railroad location easterly to land of the defendant leased to one O'Hare which lay between the railroad location and the Connecticut River. The defendant maintained signal lights on both sides of the crossing, which was on a double track railroad line running northerly from Holyoke to Greenfield. The lights began to operate automatically when a train reached a point 700 or 800 feet from the crossing, and continued to operate until the train had passed over the crossing. On the east side of the crossing there is a wire fence which obstructs the view of one approaching the crossing from the east until he arrives at the westerly end of it, at which point he can see southerly along the tracks about 250 feet. The view to the south is also obstructed by a ledge and trees until one arrives within 5 feet of the tracks, at which point he can see to the south about 1,500 feet along the straight tracks.

On the night of the accident the plaintiff O'Brien drove the truck to the O'Hare premises, and left there alone about one o'clock in the morning to go westerly over the crossing to the highway and thence southerly to Springfield. He stopped about 5 feet before reaching the crossing, with the window of the truck open. He looked both ways, and saw that no signal light was showing. He listened for a train, but there was no sign of one. Then he started across the tracks at a speed of not more than five miles an hour. When he had nearly crossed the nearer or northbound track, he saw a train coming from the south about 60 feet away. The train hit the left rear side of the truck. The auditor found that the signal lights were not working, and that in that respect the defendant was negligent. The engineer of the train testified that the train was running at fifty-five miles an hour, that he saw the truck when he was 300 feet south of the crossing, and that he made the quickest stop he could in about 1,600 feet. But a flagman on the train testified that the brakes were not applied until the engine had reached the crossing.

We think that there was evidence for the jury of the defendant's negligence. The finding of the auditor was that the signal lights were not operating and that there was a causal connection between that fact and the accident. Failure of appliances wholly within the control of a defendant to work automatically as intended is some evidence of his negligence. *Ryan* v. *Fall River Iron Works Co.* 200 Mass. 188. *Chiuccariello* v. *Campbell,* 210 Mass. 532. *Cook* v. *Newhall,* 213 Mass. 392, 394. *Filosi* v. *Boston Woven Hose & Rubber Co.* 214 Mass. 408. *Glaser* v. *Schroeder,* 269 Mass. 337. *Cushing* v. *Jolles,* 292 Mass. 72. *Beaulieu* v. *Lincoln Rides, Inc.* 328 Mass. 427, 429. The case of *Hicks* v. *New York, New Haven & Hartford Railroad,* 164 Mass. 424, 427, is very close to the present cases on its facts, and supports the action of the judge in submitting the present cases to the jury. Besides, it could have been found that after the truck was seen the defendant's engineer negligently neglected to apply the brakes until it was too late to avert the accident.

We think, too, that the question of the contributory negligence of O'Brien was for the jury. There was evidence that he stopped, looked and listened, and then proceeded slowly over the crossing, with nothing to indicate the approach of a train.

In our opinion, too, it could not, with the burden of proof on the defendant (*Copithorn* v. *Boston & Maine Railroad,* 309 Mass. 363, 371; *Fitzgerald* v. *Boston & Maine Railroad,* 328 Mass. 297, 301), be ruled as matter of law that O'Brien violated G. L. (Ter. Ed.) c. 90, § 15, as it appeared in St. 1933, c. 26, § 1, which required[1] one approaching with a motor vehicle a grade crossing to reduce his speed to a reasonable and proper rate and to proceed cautiously over the crossing. The speed of five miles an hour cannot be pronounced other than reasonable and proper. *Eisenhauer* v. *Boston & Maine Railroad,* 285 Mass. 439. *Rivet* v. *Boston & Maine Railroad,* 320 Mass. 41. Proceed-

---

[1] See now St. 1951, c. 557.

ing cautiously over the crossing involves not only absence of negligence but also the active exercise of one's faculties for his own protection. *Papageorge* v. *Boston & Maine Railroad,* 317 Mass. 235, 238. *Verrocchi* v. *Boston & Maine Railroad,* 322 Mass. 376, 378. *Holmes* v. *New York Central Railroad, ante,* 155, 159. But the conduct of O'Brien, already described, could be found to have been in conformity to the statute.

The remaining exceptions of the defendant which are argued are to the denial of its requests for instructions. Some of these exceptions have already been considered, such as the third request, "There is no evidence of negligence on the part of the engineer in failing to stop his train in time to avoid the accident, even if the red flasher lights were not working," and the fifth and sixth requests, that the fact that the flasher lights were not working is no evidence of the negligence of the defendant. The requests argued and not already considered are the following: "2. There is no negligence in the speed of the train." "18. There is no evidence which would warrant a finding that the speed of the train was the proximate cause of the accident." The speed of the train was only one of many factors involved in the issue of negligence. It is elementary that a judge is not bound to rule upon the legal effect of a part of the subsidiary facts bearing upon an issue. *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47. *Gregory* v. *Maine Central Railroad,* 317 Mass. 636, 641–642. As to other points, the defendant cannot have the benefit of exceptions that it has not argued. *Jefferson Union Co.* v. *American Radiator & Standard Sanitary Corp.* 329 Mass. 692, 694.

*Exceptions overruled.*