*Northern District*

No. 5097

**ALDONIA POIRIER**

v.

**WALTER O. ROGERS**

(August 16, 1957)

*Present:* GADSBY, P. J. AND BROOKS, J.

(This opinion has been abridged.)

*Brooks, J.* This is a tort action for personal injury and property damage resulting from plaintiff's colliding with defendant's Collie dog. The answer is general denial and contributory negligence.

Plaintiff filed the following Requests for Rulings:

1. That upon all of the evidence a finding is warranted for the plaintiff.

2. That upon all the evidence a finding is warranted that the plaintiff was in the exercise of due care.

3. That upon all of the evidence a finding of contributory negligence on the part of the plaintiff is not warranted.

4. That upon all of the evidence a finding is warranted that the defendant's dog was the proximate cause of the plaintiff's injuries.

The court allowed the plaintiff's requests for rulings numbered 1, 2, and 4, and denied No. 3.

Defendant filed the following Requests for Rulings:

1. In order to justify a finding for the plaintiff in this action, brought under the provisions of Mass. Gen. Laws, Chap. 140, §155, the Court must be satisfied, upon a fair preponderance of the evidence presented:

(a) That the action of the defendant's dog was the proximate cause of the alleged injury complained of; and

(b) That the plaintiff was in the exercise of due care (or not guilty of contributory negligence).

2. The action of the dog must be shown to be a cause and not merely a condition — or "passive cause" — of the injury complained of.

3. The evidence warrants a finding that the action of the dog was not the proximate cause of the plaintiff's alleged injury.

4. The common standard of due care is the same for all adults.

5. The evidence warrants a finding that the plaintiff was not in the exercise of due care.

6. The presumption of due care created by Mass. Gen. Laws, Chap. 231, §85, is not, of itself, evidence of due care of the plaintiff.

7. The presumption of due care created by Mass. Gen. Laws, Chap. 231, §85, ceases to be of force when evidence of the actual conduct of the plaintiff is introduced, and the issue of whether or not the plaintiff was in the exercise of due care must thereafter be determined by a fair preponderance of the evidence presented.

8. A person traveling across the customary direction of travel is charged with the responsibility of looking for traffic of persons, animals, or vehicles approaching from every direction; and this obligation requires him to proceed in such manner that he can stop if he cannot safely complete the crossing.

9. The evidence warrants a finding that the plaintiff was not in the exercise of due care in that she either failed to look to her right before attempting to cross the sidewalk, or, if she did look, that she looked carelessly or would have seen the dog coming from that direction.

10. The plaintiff cannot recover if her injury was the result of her own negligence or misconduct.

11. The plaintiff cannot recover if she was negligent and such negligence contributed to her injury.

12. The evidence warrants a finding that the plaintiff was negligent in failing to observe the dog proceeding on the sidewalk from her right.

13. If the Court finds that the plaintiff did observe the dog proceeding on the sidewalk from her right, and, despite such observation, that she attempted or continued to cross the sidewalk in a direction across the path of the dog, she was not only negligent, but thereby placed herself in a perilous position and assumed the risk of injury.

14. The evidence warrants a finding that the plaintiff's own negligence caused or contributed to cause her alleged injury.

15. The evidence does not warrant a finding for the plaintiff.

16. The evidence warrants a finding for the defendant.

17. The evidence requires a finding for the defendant.

The Court allowed defendant's requests for rulings number 1 (a), (b), 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, and 16, and denied numbers 13 "(because I do not find such as a fact)," 15 and 17.

The Court warrantably found the following facts: "On October 4, 1954, the plaintiff, after a business visit to an office on Cabot Street, in Beverly, Mass., came out of the building where the office was, started

across the sidewalk to her car which was parked at the curb, and when almost three feet from said curb, caught a glimpse of a dog owned by the defendant running along the sidewalk and proceeding from the plaintiff's right. The plaintiff and the dog then collided and the plaintiff was knocked to the ground sustaining injuries and damage to her clothing. The action of the dog caused the plaintiff to fall and the plaintiff was in the exercise of due care and not contributorily negligent;" and found for the plaintiff.

The defendant, claims to be aggrieved by:

"1.  Error on the part of the trial Justice in denying defendant's requests for rulings numbered 13, 15, and 17.

2.  Error on the part of the trial Justice in failing to make findings of subsidiary facts in connection with his denial of defendant's request for ruling numbered 13 from which the correctness of his ruling that he did "not find such as a fact" might be determined.

3.  Error on the part of the trial Justice in granting plaintiff's requests for rulings numbered 1, 2, and 4.

4.  Error on the part of the trial Justice in finding in favor of the plaintiff despite his allowance of the defendant's requests for rulings numbered 1 (a), (b), 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, and 16."

This Statute (G. L. c. 140, §155) is primarily concerned with injuries caused by dogs biting, scratching, or knocking people down, either viciously or playfully, as well as in similarly damaging property. It is broad enough to cover injuries caused by a dog running into a person. *Canavan v. George*, 292 Mass. 240, however, it is essential to recovery that the person injured be in the exercise of due care. *Hathaway v. Tinkham*, 148 Mass. 85. *Ryan v. Marren*, 216 Mass. 556.

The issue in this case is whether the trial court was warranted in finding that plaintiff was in the exercise of due care. Were this a case where plaintiff was charged with tormenting a dog which injured plaintiff, the burden would be on plaintiff to prove that he was not tormenting the dog. *Sullivan v. Ward*, 304 Mass. 614. It has been argued by defendant that the above case is authority for the proposition that plaintiff here has the burden of proving that she was not contributorily negligent.

The two situations are dissimilar. Normally in a court action, if defendant sets up contributory negligence of plaintiff, he has to overcome the presumption under G. L. c. 231, §85, that plaintiff is in the exercise of due care. That presumption is rebuttable. *Murphy v. Boston El. Ry.*, 262 Mass. 485. *Brown v. B & M RR.*, 302 Mass. 90. Once the evidence is in, this statutory presumption is not evidence; and it ceases to be of force when evidence of the actual conduct of the plaintiff is introduced. *Mahoney v. Boston El. Ry.*, 271 Mass. 274. The plaintiff then has the burden of proof on the evidence. *Goodwin v. Nelson Grocery Co.*, 239 Mass. 232.

The court has found as a fact that plaintiff was not negligent. In our opinion, plaintiff was negligent as a matter of law. The case is different only in degree from that where plaintiff crosses the railroad track without regard to an approaching train. *Joyce v. N.Y., N.H. & H. RR.*, or crosses a street without looking or looking carelessly, not seeing an approaching automobile. In *Sullivan v. Chadwick*, 236 Mass. 130, the test was whether a child had exercised the care required of an ordinarily prudent adult. The court found that the child did not exercise that care when it went into the path of an obvious danger voluntarily. It was negligent as a matter of law. See also *Rice v. B & M RR.*, 316 Mass. 603; *Duff*

*v. Webster,* 315 Mass. 102; *Pigeon v. Mass. St. Ry.,* 230 Mass. 392.

It may be said that there is greater danger in walking across a street or a railroad track than across a sidewalk. That is true, but the difference is only one of degree. Each has its hazards. A person walking on a sidewalk or through a public area, who stumbles over a stationary object in plain view is negligent as a matter of law. *Holscher v. Gilchrist Co.,* App. Div. No. Dist. No. 4870. Substitute a small child hurrying along the sidewalk, getting entangled in the feet of an inattentive adult pedestrian and you get a situation similar to the present case. There is no evidence here of a wildly running dog. The only basis for the court's finding that the dog was running at all was plaintiff's statement that it must have been running because she did not notice it until the instant before the collision.

Plaintiff testified that she walked 13 feet across the sidewalk without seeing the dog, which, with its mistress, was in plain sight. It was a Collie dog whose height was described as being between the knee and the hip. On her own testimony, plaintiff did not look to her right in her progress across the sidewalk and she is bound by her testimony. *Sullivan v. Boston El. Ry.,* 224 Mass. 405.

The conclusion is inescapable that plaintiff ran into the dog just as much as the dog ran into her. Generally speaking, a greater degree of intelligence is not to be expected from a dog than from a human being. It is to be suspected that plaintiff's mind was primarily on removing her car from its illegal location and that she was oblivious to her environment and to its hazards, one of which was the lawful use of the sidewalk by either people or dogs. To penalize the dog owner for the normal conduct of a dog with whom an absent-minded or otherwise careless pedestrian collides is not within the scope of G. L. c.

140, §155. Here there is nothing to indicate that the conduct of the dog was otherwise than normal or that plaintiff was other than inattentive.

*Finding vacated and judgment for defendant.*

D. J. Cagan, for the Defendant.